IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                   No. 1:18-CR-3310 WJ

MATTHEW BLACKSTOCK,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE
## AND/OR MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT

THIS MATTER IS BEFORE THE COURT on Defendant Matthew Blackstock's *pro se* Motions for Compassionate Release and/or Modification of an Imposed Term of Imprisonment (Docs. 51, 52).[1] The Court, having reviewed the briefing[2] and considered the applicable law, finds that the Motion is not well-taken and is therefore **DENIED**.

### BACKGROUND

In 2019, Defendant pleaded guilty to bank robbery and was sentenced to 24 months imprisonment. (Doc. 50.) Defendant is currently incarcerated at Federal Correctional Institution Yazoo City. He devotes much of his instant Motion to attacking the conditions at the facility, including lockdowns and the suspension of certain programs and services due to the ongoing COVID-19 pandemic. (Doc. 52 at 4.) Defendant also describes his mother's advancing age and

---

[1] Doc. 51 and Doc. 52 appear to be exact duplicates, one of which was likely placed on the Court's docket in error.

[2] The briefing on this matter consists of Defendant's Motions and the Government's Response. (Docs. 51/52 and 53.) Defendant did not file a Reply, and his time for doing so has lapsed. *See* D.N.M.LR-Crim. 47.8 ("A reply must be served within fourteen (14) days after service of the response.").

poor health and his pre-conviction role providing live-in assistance to her, presumably as grounds for his requested relief. (*Id.* at 2.) The Government opposes Defendant's request.

## DISCUSSION

As a threshold matter, the Court notes that because Defendant is *pro se*, the Court must give liberal construction to his motion. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Arguably, Defendant's Motion could be interpreted as seeking release to home confinement or, given his citation to 18 U.S.C. § 3582, modification of his sentence. As discussed below, both of these requests must be denied.

First, as to home confinement, this Court has no authority to order the Federal Bureau of Prisons ("BOP") to release Defendant to this type of custody. It is well-settled law that a prisoner has no constitutional right to confinement in a particular place, including confinement at home. *See McKune v. Lile*, 536 U.S. 24, 39 (2002). BOP retains complete discretion to determine where federal prisoners are housed. *See* 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (citing *Moresco v. United States*, No. 92-1108, 1992 WL 372399, at *2 (10th Cir. Dec. 10, 1992) (unpublished)).

In the instant case, Defendant does not cite any particular statutory basis for his request for home release. However, given that he expressly requests home confinement, the Court construes his Motion under 18 U.S.C. § 3624(c)(2), which authorizes BOP to place certain prisoners in such custody. However, the unambiguous language in § 3624(c)(2), as modified by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020), specifies that BOP—and only BOP—is statutorily authorized to release prisoners to home confinement. *See United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 2836991, at *1 (D. Kan. June 1, 2020). Additionally, while § 3624(c) *authorizes* release to home confinement,

nothing in the statute *requires* such release.  Defendant's request would alter only where he is incarcerated, not the term of his incarceration. Accordingly, because the Court lacks authority to designate the place of a prisoner's confinement, the Court must deny Defendant's request for release to home confinement.

Second, although Defendant explicitly seeks home confinement, he does so while citing to 18 U.S.C. § 3582, so the Court will analyze his Motion under this provision as well. "Generally, a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)).  However, Congress has provided a limited exception to this general rule and allowed for certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A).  To justify the type of compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id.*

That said, a district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies. *See* § 3582(c)(1); *see also United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) (discussing administrative exhaustion as a jurisdictional requirement).[3]  To effectively exhaust under § 3582, a prisoner must make an initial request for compassionate release under 28 C.F.R. § 571.61, and appeal a denial pursuant to § 571.63.  *See* § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(a)).  Alternatively,

---

[3] Courts appear split on whether the exhaustion requirement is jurisdictional or merely a claims-processing rule.  *See United States v. Gamboa*, No. CR 09-1741 JAP, 2020 WL 3091427 (D.N.M. June 11, 2020) (Parker, J.) (citing cases). The Tenth Circuit has not yet decided this issue, but this Court is persuaded by the reasoning in *Read-Forbes* that the exhaustion requirement is indeed jurisdictional and that the Tenth Circuit would conclude as such.  Many other courts in this Circuit have concluded likewise.  *See United States v. Davis*, No. 19-CR-64-F, 2020 WL 2465264, at *2–3 (D. Wyo. May 13, 2020).  However, even assuming the requirement is a claims-processing rule, the Court would nonetheless deny Defendant's motion for failure to exhaust, because courts are obligated to enforce such rules when raised by the Government.  *Read-Forbes*, 2020 WL 188856, at *4 (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)).

if thirty days have lapsed from receipt of the request by the warden of the facility where the prisoner is incarcerated and there is no action from the warden, a district court is empowered to consider the prisoner's § 3582(c) motion.

Here, Defendant avers, without any supporting documentation, that he has exhausted his administrative remedies. (Doc. 52 at 7.)  However, his Motion reveals that he requested home confinement from BOP—not a sentence modification.  (*Id.* at 3.)  Defendant contends that those requests for home confinement have gone unanswered, but even assuming 30 days has passed since he made those requests, the Court cannot assume they met the requirements of 28 C.F.R. § 571.61, especially because Defendant explicitly states that they were requests for home confinement.  Therefore, the Court cannot conclude that Defendant has fulfilled the preliminary requirements of § 3582(c)(1)(A).

Additionally, the Court has no authority to excuse a failure to comply with the mandatory statutory exhaustion requirement.  *See United States v. Gonzalez*, No. 18-CR-00130-PAB, 2020 WL 1905071, at *2 (D. Colo. Apr. 17, 2020) ("[T]he Supreme Court has made clear that 'mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.'" (*quoting*  Ross v. Blake, 136 S. Ct. 1850, 1857 (2016))); *Read-Forbes*, 2020 WL 1888856, at *4 (citing *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1256 (10th Cir. 2019)).  Because Defendant has not shown that he has exhausted his administrative remedies, the Court is precluded from granting his request for release.  Accordingly, the Court does not reach the merits of Defendant's compassionate release request.

## CONCLUSION

The Court is not unsympathetic to Defendant's mother's health problems, nor is it ignorant of the impacts of the COVID-19 pandemic on the prison population, including the need to suspend

certain programming and services from which Defendant might benefit. However, for all the foregoing reasons, Defendant's Motions for Compassionate Release and/or Modification of an Imposed Term of Imprisonment (Docs. 51, 52) are **DENIED**.

    **IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE